UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRICK BLOCK,<br><br>          Plaintiff,<br><br>    v.<br><br>KASHMIRA SINGH NARWAL, et al.,<br><br>          Defendants. | Case No. 1:22-cv-00597-ADA-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED, IN PART<br><br>(ECF No. 12)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

    Plaintiff Hendrik Block moves for default judgment against Defendants Kashmira Singh Narwal, Jaswinder Singh Sidhu, and Louis A. Gomez, Trustee of the Louis A. Gomez and Lydia A. Gomez Revocable Living Trust. The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(19). For the reasons given below, the Court will recommend that Plaintiff's motion be granted in part.

**I.    BACKGROUND**

    **a.  Procedural History**

    Plaintiff filed this case on May 19, 2022, alleging that Defendants violated the Americans with Disabilities Act (the ADA), 42 U.S.C. §§ 12101 *et seq.*; California's Unruh Civil Rights Act (the Unruh Act), California Civil Code § 51, *et seq.*; and California Health and Safety Code §§ 19955(a), 19959. (ECF No. 1). Specifically, Plaintiff alleges as follows:

He is limited in his ability to walk and must use mobility devices, like a cane or wheelchair. Around June 7, 2021, he visited Scotty's Liquor in Fresno, California to buy refreshments, encountering the following barriers: (1) he had difficulty locating the store's designated accessible parking space because it was not properly marked; (2) upon entering the store with the use of his cane, he found it difficult to step over the threshold at the entrance because it was too high and his foot got caught on a floor mat next to the entrance; and (3) the transaction counter was too high, making it difficult to steady himself while he took out his wallet to pay for his purchase; additionally, there was a loose floor mat at the counter that was hard for him to step around without tripping. Because of these barriers, he was, and is, deterred from visiting the store, but will return once the barriers are removed.

He alleges that Defendants own, operate, and/or lease the store, which is a public accommodation. Further, Defendants can easily remove the barriers without much difficulty or expense. Plaintiff seeks injunctive and declaratory relief, statutory damages, and attorneys' fees and costs.

After Defendants failed to respond to the complaint, Plaintiff obtained a clerk's entry of default under Federal Rule of Civil Procedure 55(a) against each Defendant. (ECF Nos. 8, 10). On September 8, 2022, Plaintiff moved for default judgment against the Defendants, seeking a declaration that Defendants violated the ADA, an injunction requiring Defendants to modify the property to remove the alleged barriers, $4,000 in damages under the Unruh Act, and attorneys' fees and costs in the amount of $3,477.03. (ECF No. 12). Defendants were served with the motion for default judgment but did not file an opposition or otherwise respond to the motion. (ECF No. 12-7).

On October 24, 2022, the Court entered an order noting that Plaintiff did not attach an exhibit containing a liquor license that was purportedly included with the motion for default judgment in support of his assertion that Defendants Narwal and Sidhu owned and/or operated the store; accordingly, the Court gave Plaintiff until November 7, 2022, to file a supplement providing evidence and argument on this issue. (ECF No. 14). Additionally, the Court vacated the hearing, noting that it would reset one after reviewing the supplement if it believed that a hearing would be beneficial. On November 7, 2022, Plaintiff filed a supplemental declaration, attaching

an alcohol license and health permit. (ECF No. 15).

Upon review of the motion for default judgment and supplement, the Court concludes that a hearing would not be beneficial in this case. *See* Local Rule 230(g) (noting that a motion may be submitted on the records and briefs).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 55 permits the Court to enter a default judgment against a defendant. *See* Fed. R. Civ. P. 55(b)(2). Whether to enter a default judgment lies within the court's discretion. *Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986). Factors (*i.e.*, the *Eitel* factors) that may be considered in determining whether to enter default judgment include the following:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citation omitted). Therefore, a plaintiff is required to provide proof of all damages sought.

Before awarding a default judgment against a defendant, the Court must determine the adequacy of service of process and the Court's jurisdiction over the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."); *see S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("We review de novo whether default judgment is void because of lack of personal jurisdiction due to insufficient service of process.").

## III. DISCUSSION

As an initial matter, while Plaintiff's complaint asserts a cause of action under California's Health and Safety Code, Plaintiff's motion makes no argument as to this cause of action and he has thus failed to demonstrate entitlement to a default judgment. *See S.A. ex rel.*

3

*L.A. v. Exeter Union School Dist.*, 1:09-cv-00834, 2009 WL 1953462 at *8 (E.D. Cal. July 7, 2009) ("When seeking a default judgment, a plaintiff should provide the Court with points and authorities containing citations to authority showing that the plaintiff's claim or claims include allegations of all the necessary elements required for entitlement to relief. It is the parties' burden to demonstrate to the Court that under the pertinent law, the plaintiff's claims, as alleged, are legally sufficient."). Accordingly, the Court will not address this cause of action further.

Plaintiff's motion focuses on his ADA and Unruh claims. The Court will first address its subject matter jurisdiction over these claims and the adequacy of service of process. Thereafter, the Court will consider the *Eitel* factors and the terms of the proposed judgment.

**A. Jurisdiction and Service of Process**

1. Subject Matter Jurisdiction

The Court finds that it has subject matter jurisdiction over this suit. Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983) (citations omitted)).

Here, the Court has federal question jurisdiction over the ADA claim and supplemental jurisdiction over the related Unruh Act claim. *See Johnson v. Morning Star Merced, LLC*, No. 1:18-CV-0558 AWI EPG, 2018 WL 4444961, at *2 (E.D. Cal. Sept. 14, 2018) ("[T]he Court . . . has federal question jurisdiction over the ADA claim."); *see* 28 U.S.C. § 1367(a) (providing for supplemental jurisdiction over related state law claims).

2. Service of Process

Plaintiff states that Defendants Narwal and Sidhu were served pursuant to Federal Rule of Civil Procedure 4(e)(2)(A), which provides than an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A); (ECF No. 12-1, p. 10). In support, Plaintiff points to his proofs of service, with each containing a declaration from a process server stating that each defendant was personally served

with the summons and complaint in June 2022. (ECF No. 4, p. 2; ECF No. 5, p. 2). Based on these representations, the Court finds that Plaintiff properly served Defendants Narwal and Sidhu.

Plaintiff states that Defendant Louis A. Gomez, Trustee of the Louis A. Gomez and Lydia A. Gomez Revocable Living Trust, was served under Rule 4(e)(2)(B), which provides that an individual may be served by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B); (ECF No. 12-1, p. 10). In support, Plaintiff points to his proof of service, which contains a declaration from a process server stating that Defendant Gomez was served in June 2022 by leaving a copy of the summons and complaint with a Jane Doe "Co-Occupant" between the ages of eighteen to twenty-five at an address in Fresno, California, identified as the dwelling or usual place of abode of Defendant Gomez. (ECF No. 6, p. 2).

Under Rule 17, capacity to be sued for parties other than corporations and individuals not acting in a representative capacity is determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3). And under California law, a "trust is not a legal entity that can sue or be sued"; rather, the trustee is the real party in interest. *Erickson Prods., Inc. v. Kast*, No. 5:13-CV-05472, 2018 WL 5906076, at *2 (N.D. Cal. Nov. 9, 2018) (citations omitted). Based on these standards and Plaintiff's representations, the Court finds that Plaintiff properly served Defendant Gomez. *See Le v. Chan*, No. CV 18-7485-MWF (GJSX), 2019 WL 12382708, at *2 (C.D. Cal. Apr. 5, 2019) (finding proper service on trustees under Rule 4(e)(2)(B) where complaint and summons were left with "'Bell Doe' . . . described as a "Co-Occupant" and competent member of [the trustees'] household of suitable age and discretion").

### B. *Eitel* Factors

#### 1. Prejudice to Plaintiff

Turning to the *Eitel* factors, Plaintiff argues that he will be prejudiced if judgment is not entered because, without an injunction requiring Defendants to make the store accessible to him, he will be "deprived of recourse." (ECF No. 12-1, p. 11).

The Court agrees that Plaintiff will be prejudiced if a default judgment is not granted. If default judgment is not entered, Plaintiff will effectively be denied relief, as it is apparent that Defendants will not defend this action. Accordingly, this *Eitel* factor weighs in favor of granting

default judgment.

### 2. Substantive Merits and Sufficiency of Complaint

"The second and third *Eitel* factors instruct the Court to evaluate the merits of the substantive claims alleged in the complaint as well as the sufficiency of the complaint itself. It is appropriate for the court to analyze these two factors together." *Arroyo v. J.S.T. LLC*, 2019 WL 4877573 at *6 (E.D. Cal. Oct. 3, 2019) (citations omitted). The Court begins with Plaintiff's ADA allegations.

Plaintiff alleges that Defendants violated his rights under Title III of the ADA. (ECF No. 1, p. 5). "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations because of [his] disability." *Molski v. MJ. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b). The ADA defines discrimination to include "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). To state a claim "based on the presence of architectural barriers in an existing facility, a plaintiff must allege and prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Hubbard v. 7-Eleven*, Inc., 433 F.Supp.2d 1134, 1138 (S.D. Cal. 2006) (internal citation and quotation marks omitted).

Plaintiff alleges that he is substantially limited in his ability to walk and must use devices, such as a cane, for mobility. (ECF No. 1, p. 2). The ADA defines disability to include substantial limitations upon an ability to walk. 42 U.S.C. § 12102(1), (2)(A). Taking Plaintiff's allegations as true for purposes of this motion, Plaintiff has adequately established disability under the ADA.

Plaintiff also alleges that the store is a public accommodation and that he went there to buy refreshments. (ECF No. 1, pp. 2-3). The ADA defines sales establishments as public accommodations. *See* 42 U.S.C. § 12181(7)(E). Plaintiff also alleges that each Defendant either owns, leases, or operates the public accommodation. (ECF No. 1, p. 2). In support, he provides a grant deed to Defendant Gomez of real property featuring the address of the store at issue, an alcohol license listing Defendants Narwal and Sidhu as licensees and Defendant Narwal as the

"primary owner," and a health permit listing Defendant Sidhu under "owner name." (ECF No. 12-3, p. 14; ECF No. 15-1, pp. 2, 6) (capitalization omitted). Accepting these allegations as true, Plaintiff has adequately established that Defendants own, lease, or operate a public accommodation. *See Gilbert v. Shahi Assocs., Inc.*, No. 1:21-CV-01375-DAD-SAB, 2022 WL 1557162, at *8 (E.D. Cal. May 17, 2022), *report and recommendation adopted in part*, 2022 WL 3908549 (E.D. Cal. Aug. 30, 2022) ("Plaintiff produces a copy of the California Department of Alcoholic Beverage Control ("ABC") report for Waterford Market, which expressly states Nirmal Kaur is the "Primary Owner" of Waterford Market, located at 12828 Yosemite Blvd, Waterford, CA 95386. Therefore, Plaintiff has adequately established this element of his ADA discrimination claim as to Defendant Kaur.") (internal citation to record omitted).

Next, Plaintiff must demonstrate that he was denied public accommodations due to his disability. Under the ADA, the Attorney General is responsible for promulgating the implementing regulations for Title III. *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1080 (9th Cir. 2004) (citing 42 U.S.C. § 12186(b)).  In *Fortyune*, the Ninth Circuit examined the history of the ADA implementing regulations relating to public accommodation accessibility:

> Congress further provided that these implementing regulations must be consistent with the minimum guidelines issued by the Architectural and Transportation Barriers Compliance Board ("the Access Board"). *See* 42 U.S.C. § 12186(c). The Access Board provided a notice and comment period for its proposed ADA guidelines in 1991, *see* 56 Fed.Reg. 2296-01 (Jan. 22, 1991), and issued its final ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG") later that year. *See* 56 Fed.Reg. 35,408 (July 26, 1991) (codified at 36 C.F.R. Pt. 36, App. A). The Attorney General adopted, *in toto*, the Access Board's ADAAG as the "Standards for Accessible Design." These standards lay out the technical structural requirements of places of public accommodation and are applicable "during the design, construction, and alteration of such buildings and facilities . . . under the [ADA]." *See id.* App. A, § 1.

*Id.* at 1080-81.[1]

---

[1] "The 1991 ADAAG Standards are codified in 28 C.F.R. part 36, appendix D. 28 C.F.R. § 36.104." *Garcia v. Atl. Repetto LLC*, No. 2:20-CV-09586-FLA (MAAx), 2021 WL 4776002, at *4 (C.D. Cal. Apr. 29, 2021). As Plaintiff notes, new federal accessibility standards for alterations and new construction have since went into effect, *i.e.*, the 2010 Standards. 28 C.F.R. § 35.151. Alterations occurring after March 15, 2012, must comply with the 2010 Standards. § 35.151(c); *Daubert v. Lindsay Unified Sch. Dist.*, 760 F.3d 982, 986 n. 2 (9th Cir. 2014). Plaintiff states that he "does not know if the Facility was constructed or had any alteration done after March 15, 2012," and thus discusses the barriers under the 1991 ADAAG Standards but notes that any remedial work will be governed by the 2010 Standards. (ECF No. 12-1, p. 4).

The Ninth Circuit has stated that the ADAAG guidelines provide the "objective contours of the standard that architectural features must not impede disabled individuals' full and equal enjoyment of accommodations." *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).

Here, Plaintiff alleges that he encountered the following barriers during his visit to the store in June 2021, which deviated from the 1991 ADAAG Standards:

> (1) It was difficult for Plaintiff to locate the Facility's designated accessible parking space since it was not properly marked.
>
> (2) Plaintiff entered the Facility using his cane. The threshold at the entrance was too high, and it was difficult for Plaintiff to step over. His foot also got caught on the floor mat that was next to the entrance.
>
> (3) The transaction counter was too high, which made it difficult for Plaintiff to steady himself while he took out his wallet and paid for his purchase. There was also a loose floor mat at the transaction counter which was hard for Plaintiff to step around without tripping. Plaintiff knows that if he returns to the Facility using his wheelchair or electric mobility scooter, it will be very difficult for him to pay due to the height of the counter and loose floor mat preventing approach.

(ECF No. 1, p. 3).

Regarding Plaintiff's first alleged barrier—that he had difficulty locating an improperly marked parking space—he cites 1991 ADAAG § 4.1.2(5)(a), which provides that a certain number of accessible spaces much be provided in relation to the total amount of parking spaces, and § 4.6.4, which requires accessible parking spaces to "be designated as reserved by a sign showing the symbol of accessibility." (ECF No. 12-1, p. 5); *see* 28 C.F.R Pt. 36, App. D (containing the 1991 ADAAG Standards). Although Plaintiff fails to specify how the parking stall was "not properly marked," the Court notes that Plaintiff states that this barrier could be remedied by providing "proper signage and pavement markings to identify the designated accessible parking stall," which indicates that existing markings are not present or, at least, hard to identify. (ECF No. 12-1, p. 5). While more specifics would be beneficial, the Court finds the allegations sufficient, drawing all reasonable inferences in Plaintiff's favor, to support default judgment. *See Levine v. Sleep Train*, No. 2:15-CV-0002 WBS AC, 2016 WL 2961100, at *4 (E.D. Cal. May 23, 2016), *report and recommendation adopted*, 2016 WL 3418350 (E.D. Cal. June 22, 2016) (noting that even if ADA allegation regarding parking was "not a model of directness and clarity, it [was] sufficiently well-pled to support a default judgment"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

8

("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Regarding Plaintiff's second alleged barrier—that the threshold at the entrance was too high making it hard to step over and that his foot got caught on a floor mat next to the entrance—he cites 1991 ADAAG § 4.13.8, which states "[t]hresholds at doorways shall not exceed 3/4 in (19 mm) in height for exterior sliding doors or 1/2 in (13 mm) for other types of doors" and § 4.13.6, which requires the floor or ground area around doors to be "level and clear." (ECF No. 12-1, p. 5). These allegations are sufficiently well pled to support a default judgment.

Regarding Plaintiff's final alleged barrier—that the transaction counter was too high making it hard to steady himself as he took out his wallet to pay for his purchase and that he found it hard to step around a loose floor mat without tripping—he cites 1991 ADAAG § 7.2(1), which requires stores to provide a counter "which is at least 36 in (915mm) in length with a maximum height of 36 in (915 mm) above the finish floor" and § 4.5.3, which requires "carpet or carpet tile" to "be securely attached." (ECF No. 12-1, pp. 5-7). As to the transaction counter, these allegations are sufficiently well pled to support a default judgment

However, the Court concludes that § 4.5.3's reference to "carpet or carpet tile" does not apply to floor mats. *See Wilson v. Norbreck*, LLC, No. CIV-04-00690-DF-LJFM, 2005 WL 3439714, at *5 (E.D. Cal. Dec. 14, 2005) ("The court finds that the floor mats are not "carpets" for purposes of the ADA."). As Plaintiff cites no other provision applicable to the floor mat by the transaction counter, he is not entitled to default judgment as to the floor mat.

The Court next considers whether removal of the architectural barriers is readily achievable. Removal of an architectural barrier is "readily achievable" if it is "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). "All the plaintiff must do at the pleadings stage . . . is plausibly allege that the barrier's removal is readily achievable. . . .If the defendant fails to [plead an applicable affirmative defense to the contrary], the plaintiff is effectively entitled to judgment on the pleadings as to that claim—assuming he pleads the preceding elements of a qualifying disability, a covered public accommodation, and an architectural barrier encountered." *Whitaker v. Sheikh*, No. 2:21-CV-0493-KJM-KJN (PS), 2022 WL 1262023, at *7 (E.D. Cal. Apr. 28, 2022), *report*

*and recommendation adopted*, 2022 WL 4366702 (E.D. Cal. Sept. 21, 2022).

Plaintiff asserts "that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense [and] that the cost of removing the architectural barriers does not exceed the benefits under the particular circumstances." (ECF No. 1, p. 6). Specifically, in the motion for default judgment, Plaintiff states that removal of the architectural barriers can be completed by providing proper signage and pavement parking for the parking stall, replacing the overly high threshold and removing the floor mat by it, and replacing a portion of the overly high transaction counter or providing an auxiliary surface. (ECF No. 12-1, pp. 5-6). Here, the Court concludes that Plaintiff has plausibly alleged that the barriers' removal is readily achievable. *See Whitaker*, 2022 WL 1262023, at *6 (E.D. Cal. Apr. 28, 2022) (concluding that the plaintiff plausibly alleged that the removal of barriers was readily achievable where the plaintiff alleged "[t]he barriers identified above [(sales counters inaccessible to wheelchair users)] are easily removed without much difficulty or expense[,] . . . [which] are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove"). Moreover, because Defendants have chosen not to respond to the lawsuit, they have offered no information for the Court to conclude that the barriers' removal is not readily achievable.

Accordingly, the Court finds that the second and third *Eitel* factors weigh in favor of granting default judgment on Plaintiff's ADA claim.

Plaintiff also brings a cause of action under California's Unruh Civil Rights Act, which provides in pertinent part that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." C.C.P. § 51(b).  "Unlike the ADA, the Unruh Act permits the recovery of monetary damages, in the form of actual and treble damages, at a statutory minimum of at least $4,000 per violation." *Arroyo*, 2019 WL 4877573 at *10 (citing C.C.P. § 52(a)). A violation of the ADA also constitutes a violation of the Unruh Act. C.C.P. § 54.1(d) ("A violation of the right of an individual under the Americans with Disabilities Act of 1990 . . . also constitutes a violation of this section. . . .").

The Court has already found that Plaintiff adequately demonstrated a violation of the ADA for purposes of default judgment; thus, Plaintiff has adequately demonstrated a violation of the Unruh Act as well. *See Molski*, 481 F.3d at 731 ("Any violation of the ADA necessarily constitutes a violation of the Unruh Act."). Therefore, the Court finds that the second and third *Eitel* factors weigh in favor of granting default judgment on Plaintiff's Unruh claim.

### 3. Sum of Money in Relation to Seriousness of Conduct

Next, the Court considers the sum of money at stake in the action, with a lower sum weighing in favor of default judgment. *See G & G Closed Circuit Events*, *LLC v. Nguyen*, 3:11-cv-06340-JW, 2012 WL 2339699 at *2 (N.D. Cal. May 30, 2012) (noting that "default judgment is generally disfavored when the sum of money at stake is either too large or unreasonable in light of the defendant's actions").

Here, Plaintiff seeks $4,000.00 in statutory fees and $3,477.93 in attorneys' fees and costs. (ECF No. 12-1, p. 11). As discussed below, the Court will recommend that the amount of attorneys' fees awarded be reduced. In light of that reduction and the circumstances of the case, the Court does not find these amounts to be excessive. Accordingly, the Court finds that the fourth *Eitel* factor weighs in favor of granting default judgment.

### 4. Possibility of Dispute

No genuine issue of material fact is likely to exist. Defendants have not appeared to respond to the complaint, and Plaintiff has adequately alleged violations of the ADA and Unruh Act. *Televideo Sys.*, 826 F.2d at 917-18. Accordingly, the Court finds that the fifth *Eitel* factor weighs in favor of granting default judgment.

### 5. Whether the Default was Due to Excusable Neglect

The Court finds that the default in this matter was not due to excusable neglect. Defendants were served with notice of the complaint and motion for default judgment and failed to respond. Accordingly, the Court finds that the sixth *Eitel* factor weighs in favor of granting default judgment.

### 6. Policy Favoring Decision on the Merits

Default judgments are disfavored because "[c]ases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the policy favoring decisions

on the merits does not weigh against entering default judgment here because Defendants' failure to appear has made a decision on the merits impossible. *Arroyo,* 2019 WL 4877573, at *11. Accordingly, the Court finds that the seventh *Eitel* factor weighs in favor of granting default judgment.

### 7. Conclusion

In light of the discussion of all the *Eitel* factors, the Court recommends that default judgment be entered against Defendants subject to the limitations identified in this order.

**C. Terms of Judgment**

### 1. Statutory Damages

Turning to the terms of the judgment, Plaintiff seeks statutory damages of $4,000.00 in accordance with the Unruh California Civil Rights Act, which provides for minimum statutory damages of $4,000.00 for each violation. C.C.P. § 52(a). "Under the Unruh Act, statutory damages may be recovered if a violation of one or more construction related accessibility standards denied the plaintiff full and equal access to the place of public accommodation on a particular occasion." *Arroyo*, 2019 WL 4877573 at *12 (citing C.C.P. § 55.56(a)). "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski*, 481 F.3d at 731.

Here, Plaintiff has adequately established violations of the ADA for purposes of this default judgment motion, which, in turn, establish a violation of the Unruh Act. Therefore, Plaintiff is entitled to recover $4,000.00.

### 2. Injunctive Relief

Plaintiff seeks injunctive relief, requiring Defendants to remove the barriers identified in the complaint. Under the ADA, "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required" by the ADA. 42 U.S.C. § 12188(a)(2). Under federal and state law, Plaintiff is entitled to an injunction requiring Defendants to remove the architectural barriers that he encountered during his visit to the store that violated the ADA. Thus, an injunction should issue commanding Defendants to properly mark the accessible parking space, to properly configure the store's threshold to conform with the ADA's height requirements and to ensure there is a clear and level

maneuvering clearance at the door, and to properly configure the store's transaction counter to conform with the ADA's height requirements, or, alternatively, to provide an auxiliary surface.[2]

### 3. Attorneys' Fees and Costs

Under 42 U.S.C. § 12205, a party that prevails on an ADA claim may recover "a reasonable attorney's fee, including litigation expenses," at the Court's discretion. The lodestar method guides the determination of a reasonable fee. *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1176 (9th Cir. 2010). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *opinion amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997).

As to the reasonable hourly rate, it is calculated by reference to the prevailing rate within the community for a similar type of work. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

As for what may be reasonably billed for, "purely clerical or secretarial tasks should not be billed at a paralegal or [lawyer's] rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). Thus, courts have discounted billing entries for "filing, transcript, and document organization time." *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *Jones v. Metropolitan Life Ins. Co.*, 845 F. Supp. 2d 1016, 1027 (N.D. Cal. 2012) (discounting time for "filing or retrieving electronic court documents or copying"). Moreover, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. . . . " *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

#### a. Reasonable Hourly Rate

It is Plaintiff's "burden of establishing entitlement to an award" of attorneys' fees. *Id*. at 437. Additionally, he "has the burden of producing satisfactory evidence, in addition to the

---

[2] Because Plaintiff did not properly allege a violation of the ADA regarding the floor mat by the transaction counter, the Court does not recommend granting an injunction as to this floor mat.

affidavits of [his] counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987).

Here, Plaintiff seeks fees for one attorney, Tanya E. Moore, and two paralegals, Whitney Law and Isaac Medrano. (ECF No. 12-1, p. 8). Plaintiff proposes $300.00 per hour as a reasonable hourly rate for Attorney Moore and $115.00 per hour for each paralegal. In support, the attached declaration of Attorney Moore states that she has been practicing law for over twenty years, specializing in disability litigation for over ten of these years. (ECF No. 12-2, p. 2). The declaration of Paralegal Law states that she has thirteen years of paralegal experience, including nine years specializing in disability litigation. (ECF No. 12-4, p. 2). The declaration of Paralegal Medrano states that he has over ten years of paralegal experience, including five years specializing in disability litigation. (ECF No. 12-5, p. 2).

Having reviewed the declarations of Attorney Moore, Paralegal Law, and Paralegal Medrano, Plaintiff's proposed rates are consistent with the rates of comparable lawyers and paralegals in the Fresno Division. The Court therefore finds that the rates sought for Plaintiff's counsel and paralegals are reasonable. *See Gilbert v. HBA Enterprises, Inc.*, No. 1:21-CV-01358-JLT-SAB, 2022 WL 2663761, at *17 (E.D. Cal. July 11, 2022), *report and recommendation adopted*, 2022 WL 3327461 (E.D. Cal. Aug. 11, 2022) (concluding that $300 attorney rate and $115 paralegal rate for Attorney Moore's law firm was reasonable in ADA case).

b.  Hours Reasonably Expended

At the outset, this Court notes that Attorney Moore's firm frequently files ADA lawsuits in this District, using form complaints and form motions for default judgment. For example, the complaint in this case substantially tracks word-for-word prior complaints filed in this District, including 1:21-cv-1251-JLT-EPG; 1:21-cv-1425-DAD-BAM, and 1:21-cv-1466-JLT-BAM. *See Gilbert v. Gsarwar Inc.*, No. 2:21-CV-02032-MCE-JDP, 2022 WL 4245325, at *3 (E.D. Cal. Sept. 15, 2022), *report and recommendation adopted*, 2022 WL 7101283 (E.D. Cal. Oct. 12, 2022) ("And as several judges in this district have observed, Moore has used the same form complaint and motion for default judgment in dozens of cases she has filed in this court, making only minimal alterations for each case."). As other courts have concluded, the use of form filings

14

is a consideration in evaluating the reasonableness of the hours expended. Specifically, the use of form filings for repeat litigation means that her firm would reasonably be expected to expend less effort and time on each individual case.

The Ninth Circuit, in addressing the use of form complaints in ADA litigation, recently observed that "[t]he ability to file essentially the same complaints over and over again, combined with the hope of intimidating the defendant into an early settlement (or of obtaining a default judgment), allows for a quick recovery of attorney's fees with relatively minimal difficulty." *Shayler v. 1310 PCH, LLC*, 51 F.4th 1015, 1018 (9th Cir. 2022). Even more analogous to this case, one court within this District noted that Attorney Moore's use of form complaints and motions for default judgment warranted, among other reasons, a significant reduction in the hours claimed. *Gilbert*, 2022 WL 2663761, at *18-20 (finding that Attorney Moore reasonably expended 2.1 hours out of a claimed 8.8 hours, that Paralegal Law reasonably expending 1.7 hours out of a claimed 3.5 hours, and that Paralegal Medrano reasonably expended 1.5 hours out of a claimed 4.7 hours).

With this in mind, the Court turns to the second part of the lodestar analysis—the hours claimed to have been reasonably expended in this case. Attorney Moore seeks to recover 6.4 hours, Paralegal Law seeks to recover 1.9 hours, and Paralegal Medrano seeks to recover 3.5 hours, with a combined total of 11.8 hours claimed in this case. (ECF No. 12-1, p. 8). The claimed hours generally fall within four categories: (1) investigation and other litigation preparation; (2) the complaint (ECF No. 1); (3) the requests for a clerk's entry of default (ECF Nos. 7, 9); and (4) the motion for default judgment (ECF No. 12-3).

Attorney Moore and Paralegal Law conducted case investigation and other litigation preparation. Attorney Moore spent 2.4 hours for tasks like communicating with her client, reviewing research regarding the parties, and directing the investigation.[3] Paralegal Law spent .8 hours reviewing client communications, researching the identity of the Defendants and location of service, and reviewing and conferring about the investigation. Given Attorney Moore's years of experience with ADA cases and failure to more specifically explain why 2.4 hours was needed in

---

[3] Because many entries record multiple tasks, some involving more than one of the four categories listed above, it is impossible to determine precisely how much time was spent on any one task. Accordingly, the Court approximates the time spent as closely as the entries allow.

15

pre-litigation litigation planning, the Court recommends a reduction to 2 hours. As Paralegal Law's review of client communications and discussion about the investigation appears mostly duplicative of efforts already expended by Attorney Moore, the Court recommends a reduction to .4 hours.

Attorney Moore spent 1.6 hours preparing the complaint, including communicating with Plaintiff, reviewing investigation, and drafting the complaint.[4] Given Attorney Moore's experience with filing ADA complaints and because the complaint in this case was very similar to others filed in past cases, the Court recommends a reduction to .5 hours. *See Trujillo v. Lakhani*, No. 1:17-CV-00056-LJO-SAB, 2017 WL 1831942, at *7 (E.D. Cal. May 8, 2017) ("The time billed is excessive and duplicative and .5 hours would be a reasonable amount of time for Ms. Moore to spend on preparing, researching, reviewing, and drafting the complaint in this action.").

Attorney Moore, Paralegal Law, and Paralegal Medrano were all involved in seeking the two Clerk's entries of default against Defendants. Attorney Moore spent 1 hour in preparing the requests for entry of default and in communicating with others in the office about it. Paralegal Medrano spent 1.5 hours drafting the requests for a clerk's entry of default, drafting certificates of service, and drafting a letter after the entry of default to Defendants. Paralegal Law spent .2 hours reviewing research regarding an "alternate location for service" and reviewing a non-service report for Defendant Sidhu. Because the requests for entry of default are simple filings that are based on a template that Attorney Moore has used in the past, *see* 2:21-cv-2032 (ECF No. 7), the Court recommends a reduction to .5 hours total for both requests. Because Paralegal Medrano's work on the requests appears partially duplicative of the time spent by Attorney Moore and likewise involved clerical tasks, like preparing certificates of service, the Court recommends a reduction to .5 hours total for both requests. The Court recommends no reduction in the .2 hours Paralegal Law spent on research regarding an alternative service location for Defendant Sidhu after the initial attempt to serve him was unsuccessful. (*See* ECF No. 12-2, p. 3).

Attorney Moore, Paralegal Law, and Paralegal Medrano were all involved in preparation of the instant motion for default judgment. Attorney Moore spent 1 hour in preparing and

---

[4] Paralegal Law spent some unspecified time revising the draft complaint. However, because the pertinent entry was already discounted above in connection with the pre-litigation planning, the Court will not recommend any further reduction for perhaps duplicative time spent by Paralegal Law on the complaint.

16

reviewing the motion for default judgment. It appears that Paralegal Medrano had primary responsibility for drafting the motion, expending 1.7 hours. Paralegal Law spent .9 hours reviewing, researching, and revising the motion. The Court recommends no reduction in the 1 hour expended by Attorney Moore on the motion for default judgment. *Trujillo*, 2017 WL 1831942, at *8 (concluding that 1 hour was appropriate award of time to Attorney Moore for time on motion for default judgment). Because some of the time spent by Paralegal Medrano on the motion was for clerical tasks, such as preparing a certificate of service and exhibits, as well as the fact that the motion was based off prior templates, the Court recommends a reduction to 1.2 hours. Lastly, because Paralegal Law's review and revision of the motion seems mostly duplicative of worked performed by Attorney Moore and Paralegal law, the Court recommends a reduction to .5 hours.

Lastly, the Court notes two miscellaneous entries that it has not yet addressed: (1) Attorney Moore spent .4 hours on "A103 Draft/revise L140 Document/File Management: Preparation of CCDA report" and Paralegal Medrano spent .3 hours on "Review[ing] order setting scheduling conference to calendar hearing date, set deadline to complete Rule 26 call, and deadline to file joint scheduling report." (ECF No. 12-3). Because Attorney Moore's entry is unexplained and because Paralegal Medrano's entry consists of clerical work, the Court recommends that no fee be awarded.

Adding these figures together, the Court recommends a reasonable award of 4 hours by Attorney Moore, 1.7 hours by Paralegal Medrano, and 1.1 hours by Paralegal Law.

Accordingly, the Court's recommended lodestar figures are as follows:

| Person | Hours | Hourly Rate | Total |
|---|---|---|---|
| Tanya E. Moore | 4 | $300.00 | $ 1200 |
| Isaac Medrano | 1.7 | $115.00 | $195.50 |
| Whitney Law | 1.1 | $115.00 | $ 126.50 |

Thus, the total amount of recommended attorneys' fees is $1,522.00.

c. Costs

Plaintiff also seeks to recover $936.03 in costs.[5] (ECF No. 12-1, p. 8). Under the ADA, a court, in its discretion, can allow the prevailing party other than the United States to recover reasonable attorneys' fees, including litigation expenses and costs. 42 U.S.C. § 12205. The costs Plaintiff seeks to recover include $280.28 in fees for service of the summons, $402 for the filing fee, and $253.75 for a consultant to perform investigation. (ECF No. 12-3, pp. 6-12). *See Alvarado v. Nederend*, 2011 WL 1883188 at *10 (E.D. Cal. Jan. May 17, 2011) (explaining "filing fees, mediator fees . . ., ground transportation, copy charges, computer research, and database expert fees" are typically identified as litigation costs); *Kraus v. Ding Chaun Chen,* 2021 WL 856425, at *5 (E.D. Cal. Mar. 8, 2021), *report and recommendation adopted*, 2021 WL 1388495 (E.D. Cal. Apr. 13, 2021) (finding court filing fees, costs of service, and an expert witness investigator fee to be compensable expenses and recommending total award of $964.32 in costs). The Court finds that these expenses are reasonable and recommends that $936.03 in costs be awarded to Plaintiff.

**IV.      CONCLUSION AND RECOMMENDATIONS**

For the reasons discussed above, Plaintiff is entitled to default judgment in most respects. Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 12) be GRANTED, in part, as specified below:

    a. The District Judge declare that Defendants violated Title III of the Americans with Disabilities Act, for the purposes of California Unruh Civil Rights Act damages.

    b. Judgment be entered in favor of Plaintiff Hendrick Block and against Defendants Kashmira Singh Narwal, Jaswinder Singh Sidhu, and Louis A. Gomez, Trustee of the Louis A. Gomez and Lydia A. Gomez Revocable Living Trust.

    c. Defendants Kashmira Singh Narwal, Jaswinder Singh Sidhu, and Louis A.

---

[5] Unexplainedly, the motion alternatively lists $864.03 as the amount sought for costs. (ECF No. 12-1, p. 8). However, after adding the specific costs together, the amount totals $936.03; accordingly, the Court understands this to be the amount sought for costs.

18

Gomez, Trustee of the Louis A. Gomez and Lydia A. Gomez Revocable Living Trust, be directed, within six (6) months of an order adopting these findings and recommendations, to make the real property known as Scotty's Liquor, located at 2206 N. Blackstone Avenue in Fresno, California, accessible to Plaintiff by making the following modifications to the property such that each item is brought into compliance with the accessibility requirements of the Americans with Disabilities Act and California Code of Regulations, Title 24, as follows:

   i. Provide proper signage and pavement markings to identify the designated accessible parking and access aisle;

   ii. Provide a properly configured threshold at the store's entrance and maintain proper clear level maneuvering clearances at the door; and

   iii. Provide a properly configured accessible transaction counter, or, alternatively, an auxiliary surface.

d. Plaintiff be awarded statutory damages under the California Unruh Civil Rights Act in the amount of $4,000.00, payable by Defendants Kashmira Singh Narwal, Jaswinder Singh Sidhu, and Louis A. Gomez, Trustee of the Louis A. Gomez and Lydia A. Gomez Revocable Living Trust, jointly and severally, to the Moore Law Firm, P.C. Trust Account, which shall be delivered to the Moore Law Firm, P.C., 300 South First Street, Suite 342, San Jose, California 95113, within thirty (30) days of an order adopting these findings and recommendations.

e. Plaintiff be awarded attorneys' fees of $1,522.00 plus an additional $936.03 in costs, payable by Defendants Kashmira Singh Narwal, Jaswinder Singh Sidhu, and Louis A. Gomez, Trustee of the Louis A. Gomez and Lydia A. Gomez Revocable Living Trust, jointly and severally, to the Moore Law Firm, P.C. Trust Account, which shall be delivered to the Moore Law Firm, P.C., 300 South First Street, Suite 342, San Jose, California 95113, within thirty (30) days of an order adopting these findings and recommendations;

2. Plaintiff's motion for default judgment (ECF No. 12) be DENIED in all other respects; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 6, 2022**                 /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE

20